AO 106 (REV 4/10) Affidavit for Search Warrant     AUSA Jasmina Vajzovic, (312) 469-6233

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In the Matter of the Search of:

LinkedIn Profile of Damion C. Thomas, available at
https://www.linkedin.com/in/damioncthomas, further
described below and in Attachment A

Case Number:    19M 420

# APPLICATION AND AFFIDAVIT FOR A SEARCH WARRANT

I, Jon Hartman, a Special Agent of the Naval Criminal Investigative Service, request a search warrant and state under penalty of perjury that I have reason to believe that on the following property or premises:

**See Attachment A**

located in the Northern District of California, there is now concealed:

**See Attachment A, Part III**

The basis for the search under Fed. R. Crim. P. 41(c) is evidence related to a threat to injure a federal agent on or around May 11, 2019.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 875(c) | Interstate communication containing a threat to injure |

The application is based on these facts:

**See Attached Affidavit,**

Continued on the attached sheet.

**FILED**

**JUN 14 2019**

**MAGISTRATE JUDGE
YOUNG B. KIM**

_____
*Applicant's Signature*

JON HARTMAN, Special Agent, NCIS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: June 14, 2019

City and State: Chicago, Illinois

_____
*Judge's signature*

YOUNG B. KIM, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT            )
                                        )
NORTHERN DISTRICT OF ILLINOIS           )

## AFFIDAVIT

I, Jon Hartman, being duly sworn, state as follows:

1.      I am a Special Agent with the Naval Criminal Investigative Service ("NCIS"). I have been so employed since approximately February 2009. As such, I am an "investigative or law enforcement officer" within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

2.      As part of my duties as an NCIS Special Agent, I investigate criminal violations relating to sexual assault, robbery, crimes against children, computer related crimes, and other violent crimes involving members of the United States Marine Corps and United States Navy. I am currently assigned to Naval Station Great Lakes, located in Great Lakes, Illinois. During the course of my employment with the NCIS, I have participated in the execution of multiple federal search warrants.

3.      This affidavit is made in support of an application for a warrant to search the LinkedIn social media account of Damion C. Thomas at public URL https://www.linkedin.com/in/damioncthomas (the "**Subject Account**"), which is further described in the following paragraphs and in Part II of Attachment A. As set forth below, there is probable cause to believe that in the account, described in Part II of Attachment A, in the possession of LinkedIn, there exists evidence and

instrumentalities of violations of Title 18, United States Code, Section 875(c) concerning a threat to injure transmitted through an interstate communication (the "Subject Offense").

4.      I am an agent on an investigation involving Damion C. THOMAS and an online threat made to an NCIS special agent on or about May 11, 2019. As a result of my personal participation in this investigation and my conversations with other law enforcement officers involved in this investigation, I am familiar with all aspects of this investigation. The information in this Affidavit is based on my own observations and actions, information received from other members of law enforcement, my experience and training, and the experience of other agents. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are sufficient to establish probable cause to believe that evidence of violations of the Subject Offense is located in the **Subject Account**.

I.      **BACKGROUND INFORMATION ON LINKEDIN**

5.      Based on my training and experience, and on information provided by LinkedIn Corporation, I have learned the following about LinkedIn:

a.      LinkedIn is one of the largest professional networks on the Internet. LinkedIn allows its users to establish accounts with LinkedIn, and users can then use their accounts to share written news, photographs, videos, and other information with other LinkedIn users, and sometimes with the general public. Users

2

may include their education, work experience, skills, photo, location, and other information on their profile.

      b.    LinkedIn asks users to provide basic contact information to LinkedIn during the registration process. This information may include the user's contact e-mail addresses, telephone numbers, and other personal identifiers.

      c.    LinkedIn users may join one or more groups or networks to connect and interact with other users who are members of the same group or network. A LinkedIn user can also connect directly with individual LinkedIn users by sending each user a "Connect" request. If the recipient of a "Connect" request accepts the request, then the two users will become "Connections" for purposes of LinkedIn and can exchange communications or view information about each other. LinkedIn also allows users to find and connect with individuals with whom they are connected through various degrees of separation. For example, a user with whom an individual is already a "connection" is a "first-degree connection." A user who is connected to an individual's first-degree connection is a "second-degree" connection. A user who is connected to an individual's second-degree connection is a "third-degree" connection. Each LinkedIn user's account includes a list of that user's "Connections."

      d.    LinkedIn users can select different levels of privacy for the communications and information associated with their LinkedIn accounts. By adjusting these privacy settings, a LinkedIn user can make information available

3

only to himself or herself, to particular LinkedIn users, or to anyone with access to the Internet, including people who are not LinkedIn users.

       e.     If a LinkedIn user does not want to interact with another user on LinkedIn, the first user can "block" the second user from seeing his or her account.

       f.     LinkedIn users can exchange private messages on LinkedIn with other users. Those messages are stored by LinkedIn unless deleted by the user. These messages, which are similar to e-mail messages, are sent to the recipient's "Inbox" on LinkedIn, which also stores copies of messages sent by the recipient, as well as other information.

       g.     LinkedIn has a search function that enables its users to search LinkedIn for keywords, users, or groups, among other things.

     6.     LinkedIn also obtains a variety of non-content information from its users:

       a.     **Usage Information.** LinkedIn may collect information about how users interact with its services, including which content they view, articles and other information they post, search queries they submit, and how they communicate with other users.

       b.     **Device Information.** LinkedIn collects information about the devices of its users, including information about the user's IP address, proxy server, operating system, web browser and add-ons, device identifier and features, and/or the user's internet service provider or mobile carrier.

4

c.     **Log Information.** LinkedIn collects log information when a user uses LinkedIn's website, including device information, access times, pages viewed, IP address, and pages visited. LinkedIn also collects information about the URL of the site visited before visiting LinkedIn as well as the site visited after visiting LinkedIn.

d.     **Location Information.** LinkedIn may collect information about the user's location, including precise location using methods that include GPS or Bluetooth.

e.     **Messages.** LinkedIn collects information about messages between users, including when messages are sent, received, or interacted with and uses an automatic scanning technology on messages to track patterns. LinkedIn also tracks whether a user has acted on a connection request.

f.     **Information Collected by Cookies and Other Technologies.** LinkedIn may collect information through cookies and other technologies about the user's activity, browser, and device.

## II.    FACTS SUPPORTING PROBABLE CAUSE TO SEARCH THE SUBJECT ACCOUNT

7.     In summary, based on information and evidence obtained, law enforcement has learned that THOMAS is an individual who sent a threatening message using a LinkedIn connection request to an NCIS special agent on or about May 11, 2019, in Chicago, Illinois.

8.      On or about May 11, 2019, Robert Blons, a special agent with the NCIS Polygraph Division in Colorado received a threatening message through a LinkedIn invitation from THOMAS.

9.      The invitation from THOMAS contained the following threatening sentence: "I don't know who frauds fucking are but if I catch up with. You gone see or the last thing u see will be this S.E.A.L.'s blade." A screenshot of the message from THOMAS is posted below:





10.     Prior to May 11, 2019, Special Agent Blons had neither met nor interacted with THOMAS, either in person or through electronic means.

6

11.     Database checks revealed that THOMAS lives in the greater Chicago area, within the Northern District of Illinois. Specifically, law enforcement matched a mug shot of a Damion C. Thomas arrested in Chicago with the profile picture of the **Subject Account.** Law enforcement then searched for the name Damion C. Thomas via TLOxp for Law Enforcement and found one match in Illinois, specifically in Chicago.

12.     Based on my training and experience in other investigations, I believe that a search of social network provider account content of individuals engaged in criminal conduct yields investigative leads relating to:

    a.      the identities of participants engaged in the Subject Offense;

    b.      the contact information of participants engaged in the Subject Offense;

    c.      information regarding the precise physical location of the user of the social media account in the time leading up to or following the commission of the Subject Offense.

13.     Therefore, I believe there is probable cause to believe evidence of a violation of Title 18, United States Code, Section 875 will be found in the **Subject Account**. Specifically, I believe the **Subject Account** may contain information such as IP addresses, messages, and other information linking THOMAS to the threat.

## III.     SEARCH PROCEDURE

14.     In order to facilitate seizure by law enforcement of the records and information described in Attachment A, this affidavit and application for search

warrant seek authorization, pursuant to 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), to permit employees of LinkedIn to assist agents in the execution of this warrant. In executing this warrant, the following procedures will be implemented:

      a.     The search warrant will be presented to LinkedIn personnel who will be directed to the information described in Section II of Attachment A;

      b.     In order to minimize any disruption of computer service to innocent third parties, LinkedIn employees and/or law enforcement personnel trained in the operation of computers will create an exact duplicate of the computer accounts and files described in Section II of Attachment A, including an exact duplicate of all information stored in the computer accounts and files described therein;

      c.     LinkedIn employees will provide the exact duplicate in electronic form of the information described in Section II of the Attachment A and all information stored in those accounts and files to the agent who serves this search warrant; and

      d.     Following the protocol set out in the Addendum to Attachment A, law enforcement personnel will thereafter review all information and records received from LinkedIn employees to locate the information to be seized by law enforcement personnel pursuant to Section III of Attachment A.

## IV.    CONCLUSION

15.    Based on the above information, I respectfully submit that there is probable cause to believe that evidence of violations of Title 18, United States Code, Section 875 is located within one or more computers and/or servers found at LinkedIn Corporation, further described above and in Attachment A. By this affidavit and application, I request that the Court issue a search warrant directed to LinkedIn Corporation at 1000 West Maude Avenue, Sunnyvale, CA 94085, allowing agents to seize the electronic evidence and other information stored on the LinkedIn Corporation servers following the search procedure described in Attachment A and the Addendum to Attachment A.

FURTHER AFFIANT SAYETH NOT.

_____
Jon Hartman
Special Agent
Naval Criminal Investigative Service

Subscribed and sworn
before me this **14TH** day of June, 2019

_____
Honorable YOUNG B. KIM
United States Magistrate Judge

9

## ATTACHMENT A

### I.   SEARCH PROCEDURE

1.     The search warrant will be presented to LinkedIn personnel, who will be directed to isolate those accounts and files described in Section II below.

2.     In order to minimize any disruption of computer service to innocent third parties, company employees and/or law enforcement personnel trained in the operation of computers will create an exact duplicate of the computer accounts and files described in Section II below, including an exact duplicate of all information stored in the computer accounts and files described therein.

3.     Other LinkedIn employees will provide the exact duplicate in electronic form of the accounts and files described in Section II below and all information stored in those accounts and files to the agent who serves the search warrant.

4.     Following the protocol set out in the Addendum to this Attachment, law enforcement personnel will thereafter review information and records received from company employees to locate the information to be seized by law enforcement personnel specified in Section III below.

### II.   FILES AND ACCOUNTS TO BE COPIED BY EMPLOYEES OF LINKEDIN

To the extent that the information described below in Section III is within the possession, custody, or control of LinkedIn, LinkedIn is required to disclose the following information to the government for the following account (the "**Subject Account**"):

**LinkedIn Profile of Damion C. Thomas, available at https://www.linkedin.com/in/damioncthomas**

a.  all records or other information pertaining to the **Subject Account**, including all files, databases, and database records stored by LinkedIn in relation to that account;

b.  all information in the possession of LinkedIn that might identify the subscribers related to the **Subject Account** or identifiers, including names, addresses, telephone numbers, email addresses, account creation date, the length of service (including start date), types of services utilized, and means and source of payment for services (including any credit card or bank account number);

c.  all usage information for the **Subject Account**, including search queries submitted and information about how the user of the **Subject Account** communicates with other users;

d.  all profile information; status updates; photographs, articles, and other items; first and second-degree connection lists; groups and networks of which the user is a member, and rejected connection requests;

e.  logs, including sender, recipient, date, time, message type, message status (including if and when the message was opened), concerning communications sent to or from the **Subject Account**, and log information when the user of the **Subject Account** uses LinkedIn's website, including device information, access times, pages viewed, and pages visited;

f.  all records or other information regarding the devices and internet browsers associated with, or used in connection with, the **Subject Account**,

including the hardware model, operating system version, unique device identifiers, mobile network information, and user agent string;

   g. location information about the **Subject Account**, including precise location using methods that include GPS and Bluetooth, and any others retrieved by LinkedIn;

   h. all IP logs with timestamps, including all records of the IP addresses that logged into the account;

   i. content of all communications, including messages and connection requests, sent or received by the **Subject Account**.

Pursuant to 18 U.S.C. § 2703(d), the service provider is hereby ordered to disclose the above information to the government within 14 days of service of this warrant.

## III. Information to be Seized by Law Enforcement Personnel

All information described above in Section II that constitutes evidence of violations of Title 18, United States Code, Section 875, as follows:

   1. Information that helps to identify the users of this account;

   2. Information and communications relating to the identities of individuals with whom the user or users of the **Subject Account** communicated about the Subject Offense;

   3. Communications between the **Subject Account** and others relating to the commission of and/or participation in the Subject Offense;

4. Information relating to the activities of the users of the **Subject Account** regarding the commission of and/or participation in the Subject Offense at or near the time of the Subject Offense; and

5. Location information related to the **Subject Account** at or near the time of the Subject Offense.

## ADDENDUM TO ATTACHMENT A

With respect to the search of any information and records received from the web-hosting company, law enforcement personnel will locate the information to be seized pursuant to Section III of Attachment A according to the following protocol.

The search procedure may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein):

     a.    searching for and attempting to recover any hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein.

     b.    surveying various file directories and the electronic mail, including attachments thereto to determine whether they include data falling within the list of items to be seized as set forth herein.

     c.    opening or reading portions of electronic mail, and attachments thereto, in order to determine whether their contents fall within the items to be seized as set forth herein, and/or

     d.    performing key word searches through all electronic mail and attachments thereto, to determine whether occurrences of language contained in such electronic mail, and attachments thereto, exist that are likely to appear in the information to be seized described in Section III of Attachment A.

Law enforcement personnel are not authorized to conduct additional searches on any information beyond the scope of the items to be seized by this warrant.

AO 93 (Rev. 11/13) Search and Seizure Warrant      AUSA Jasmina Vajzovic, (312) 469-6233

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In the Matter of the Search of:

LinkedIn Profile of Damion C. Thomas, available at
https://www.linkedin.com/in/damioncthomas, further
described below and in Attachment A

Case Number: 19M 420

### SEARCH AND SEIZURE WARRANT

To: Jon Hartman and any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Northern District of California:

**See Attachment A**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**See Attachment A, Part III**

**YOU ARE HEREBY COMMANDED** to execute this warrant on or before June 28, 2019 in the daytime (6:00 a.m. to 10:00 p.m.).

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the issuing United States Magistrate Judge.

Date and time issued: June 14, 2019  C 11:49 am

_____
*Judge's signature*

City and State: Chicago, Illinois

YOUNG B. KIM, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13)  Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No: | Date and Time Warrant Executed: | Copy of Warrant and Inventory Left With: |

Inventory made in the presence of:

Inventory of the property taken and name of any person(s) seized:

| Certification |
|---|

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

<u>**ATTACHMENT A**</u>

**I.    SEARCH PROCEDURE**

1.    The search warrant will be presented to LinkedIn personnel, who will be directed to isolate those accounts and files described in Section II below.

2.    In order to minimize any disruption of computer service to innocent third parties, company employees and/or law enforcement personnel trained in the operation of computers will create an exact duplicate of the computer accounts and files described in Section II below, including an exact duplicate of all information stored in the computer accounts and files described therein.

3.    Other LinkedIn employees will provide the exact duplicate in electronic form of the accounts and files described in Section II below and all information stored in those accounts and files to the agent who serves the search warrant.

4.    Following the protocol set out in the Addendum to this Attachment, law enforcement personnel will thereafter review information and records received from company employees to locate the information to be seized by law enforcement personnel specified in Section III below.

**II.    FILES AND ACCOUNTS TO BE COPIED BY EMPLOYEES OF LINKEDIN**

To the extent that the information described below in Section III is within the possession, custody, or control of LinkedIn, LinkedIn is required to disclose the following information to the government for the following account (the "**Subject Account**"):

> **LinkedIn Profile of Damion C. Thomas, available at https://www.linkedin.com/in/damioncthomas**

a.  all records or other information pertaining to the **Subject Account**, including all files, databases, and database records stored by LinkedIn in relation to that account;

b.  all information in the possession of LinkedIn that might identify the subscribers related to the **Subject Account** or identifiers, including names, addresses, telephone numbers, email addresses, account creation date, the length of service (including start date), types of services utilized, and means and source of payment for services (including any credit card or bank account number);

c.  all usage information for the **Subject Account**, including search queries submitted and information about how the user of the **Subject Account** communicates with other users;

d.  all profile information; status updates; photographs, articles, and other items; first and second-degree connection lists; groups and networks of which the user is a member, and rejected connection requests;

e.  logs, including sender, recipient, date, time, message type, message status (including if and when the message was opened), concerning communications sent to or from the **Subject Account**, and log information when the user of the **Subject Account** uses LinkedIn's website, including device information, access times, pages viewed, and pages visited;

f.  all records or other information regarding the devices and internet browsers associated with, or used in connection with, the **Subject Account**,

including the hardware model, operating system version, unique device identifiers, mobile network information, and user agent string;

   g. location information about the **Subject Account**, including precise location using methods that include GPS and Bluetooth, and any others retrieved by LinkedIn;

   h. all IP logs with timestamps, including all records of the IP addresses that logged into the account;

   i. content of all communications, including messages and connection requests, sent or received by the **Subject Account**.

Pursuant to 18 U.S.C. § 2703(d), the service provider is hereby ordered to disclose the above information to the government within 14 days of service of this warrant.

### III. Information to be Seized by Law Enforcement Personnel

All information described above in Section II that constitutes evidence of violations of Title 18, United States Code, Section 875, as follows:

   1. Information that helps to identify the users of this account;

   2. Information and communications relating to the identities of individuals with whom the user or users of the **Subject Account** communicated about the Subject Offense;

   3. Communications between the **Subject Account** and others relating to the commission of and/or participation in the Subject Offense;

4.      Information relating to the activities of the users of the **Subject Account** regarding the commission of and/or participation in the Subject Offense at or near the time of the Subject Offense; and

5.      Location information related to the **Subject Account** at or near the time of the Subject Offense.

## ADDENDUM TO ATTACHMENT A

With respect to the search of any information and records received from the web-hosting company, law enforcement personnel will locate the information to be seized pursuant to Section III of Attachment A according to the following protocol.

The search procedure may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein):

  a. searching for and attempting to recover any hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein.

  b. surveying various file directories and the electronic mail, including attachments thereto to determine whether they include data falling within the list of items to be seized as set forth herein.

  c. opening or reading portions of electronic mail, and attachments thereto, in order to determine whether their contents fall within the items to be seized as set forth herein, and/or

  d. performing key word searches through all electronic mail and attachments thereto, to determine whether occurrences of language contained in such electronic mail, and attachments thereto, exist that are likely to appear in the information to be seized described in Section III of Attachment A.

Law enforcement personnel are not authorized to conduct additional searches on any information beyond the scope of the items to be seized by this warrant.